UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DENISE MCPHERSON,<br>6239 Wheeler Street<br>Philadelphia, PA 19142<br><br>    **Plaintiff,**<br><br>vs.<br><br>**DETECTIVE THEODO MANKO**<br>Badge No. 961<br>c/o Law Department<br>1515 Arch St.<br>Philadelphia, PA 19102<br><br>**JANE DOE POLICE**<br>**OFFICER 1**<br>c/o Law Department<br>1515 Arch St.<br>Philadelphia, PA 19102<br><br>**JOHN DOE POLICE OFFICER 1**<br>c/o Law Department<br>1515 Arch St.<br>Philadelphia, PA 19102<br><br>    **Defendants.** | CASE NO.<br><br>COMPLAINT |

## I. PRELIMINARY STATEMENT

1. Plaintiff brings this action under 42 U.S.C. §1983 seeking redress for the extraordinary misconduct of Defendant Detective Theodo Manko, Defendant Jane Doe Police Officer 1, and Defendant John Doe Police Officer 1 who used improper and unconstitutional means to subject Plaintiff to unreasonable force, and unreasonable searches of her body for the purpose of sexual humiliation on multiple occasions.

## II. PARTIES

2. Plaintiff is an adult citizen of Philadelphia, Pennsylvania which is located within the Eastern District of Pennsylvania.

3. Defendant Detective Theodo Manko is, and was at all times relevant to this action, a police officer with the Philadelphia Police Department and acting under color of state law. He is being sued in his individual capacity.

4. Defendant Jane Doe Police Officer 1 is, and was at all times relevant to this action, a police officer with the Philadelphia Police Department and acting under color of state law. She is being sued in her individual capacity.

5. Defendant John Doe Police Officer 1 is, and was at all times relevant to this action, a police officer with the Philadelphia Police Department and acting under color of state law. He is being sued in his individual capacity.

## III. JURISDICTION

6. This action is brought pursuant to 42 U.S.C. §1983. Jurisdiction is founded upon 28 U.S.C. §§1331, 1343(a)(4) and the aforementioned statutory provision.

7. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

## IV. JURY DEMAND

8. Plaintiff demands a trial by jury.

## V. FACTUAL ALLEGATIONS

9. On 02/01/2020 Defendants, along with several other officers, went to Plaintiff's home to serve a search warrant related to an investigation of her son. Plaintiff

was not a subject of that investigation.

10. The items listed in the search warrant to be searched for and seized if found were: a hat, a grey sweatsuit, and a gun.

11. Plaintiff was upstairs in her bathroom when she heard a loud banging sound coming from the front of her house.

12. Plaintiff ran to the window and saw that police officers were striking her front door with a battering ram.

13. Plaintiff opened the window and called out for them to stop so she could come downstairs and let them in.

14. Plaintiff let the Defendants into her home and then went back upstairs to the bathroom where she had been when she heard the police banging on her door.

15. As Plaintiff was relieving herself, Defendant Detective Theodo Manko and Defendant Jane Doe Police Officer 1 forced open her bathroom door, grabbed her, violently pulled her off the toilet, dragged her out of her bathroom, slammed her against the wall causing painful bruises on her arms, and then dragged her down her stairs.

16. Defendant Detective Theodo Manko, while dragging Plaintiff down her stairs, told Plaintiff that he was going to throw her down the stairs.

17. Plaintiff was then ordered to sit on her couch.

18. Plaintiff then began pleading with the police officers in her home to allow her to use the bathroom, but her pleas were ignored.

19. Defendant Police Officer John Doe 1 went into the kitchen, pulled all of Plaintiff's food out of her refrigerator, and then dumped the contents of her kitchen trash

can all over her food.

20. After Plaintiff had begged officers for several minutes to be allowed to go to the bathroom Defendant John Doe Police Officer 1 told Plaintiff that she was not allowed to use her bathroom and she would have to relieve herself on the floor in her living room.

21. Defendant police officer John Doe 1 then forced Plaintiff to expose herself and in full view of the approximately six other police officers in her house, all but one of whom were men, squat over a jar and urinate in it while Defendant John Doe 1 watched her.

22. As a direct and proximate result of the actions of each of the Defendants, Plaintiff suffered and continues to suffer, pain in her arms, personal humiliation, mental anguish and suffering, emotional distress, personal indignity, sleep deprivation, reoccurring nightmares, stress, and anxiety.

## VI. CIVIL RIGHTS VIOLATIONS

23. Plaintiff incorporates by reference the preceding paragraphs of the instant Complaint.

24. As a direct and proximate result of the conduct of Defendant Detective Theodo Manko and Defendant Jane Doe Police Officer 1, committed under color of state law, Plaintiff was subjected to unreasonable and excessive use of force. As a direct and proximate result of all Defendants' conduct, committed under color of state law, Plaintiff was deprived of her right to be free from unreasonable and unlawful searches of her person. As a direct and proximate result of the conduct

of all Defendants Plaintiff suffered and continues to suffer harm, in violation of her rights under the laws and Constitution of the United States, in particular the Fourth and Fourteenth Amendments thereof, and 42 U.S.C. §1983.

25. As a direct and proximate result of the actions of each of the Defendants, Plaintiff suffered and continues to suffer, pain in her arms, personal humiliation, mental anguish and suffering, emotional distress, personal indignity, sleep deprivation, reoccurring nightmares, stress, and anxiety.

**WHEREFORE**, Plaintiff, demands judgment in her favor and against Defendant Detective Theodo Manko and Defendant Jane Doe Police Officer 1 in the amount of $200,000 each in compensatory damages and punitive damages, with lawful interest thereon, and costs of suit and brings this action to recover same. Plaintiff demands judgment in her favor and against Defendant John Doe Police Officer 1 in the amount of $1,000,000.00 in compensatory damages and punitive damages, with lawful interest thereon, and costs of suit and brings this action to recover same.

## VII. ASSAULT
### DEFENDANT DETECTIVE THEODO MANKO

26. Plaintiff incorporates the preceding paragraphs as if more fully set forth herein.
27. The aforesaid acts of Defendant, Detective Theodo Manko, of forcing open Plaintiff's bathroom door, grabbing her, violently pulling her off the toilet, dragging her out of her bathroom, slamming her against the wall, dragging her down her stairs, and telling Plaintiff that he was going to throw her down her stairs caused Plaintiff to be placed in immediate apprehension of being, grabbed, struck,

beaten, arrested, and thrown down the stairs.

28. Plaintiff's aforesaid apprehensions were reasonable.

29. In view of Defendant's intentional and outrageous actions towards Plaintiff, Plaintiff is entitled to recover punitive damages.

**WHEREFORE**, Plaintiff, demands judgment in her favor and against Defendant, Detective Theodo Manko, in the amount of $50,000.00 in compensatory damages and punitive damages, with lawful interest thereon, and costs of suit and brings this action to recover same.

## VIII. ASSAULT
### DEFENDANT JANE DOE POLICE OFFICER 1

30. Plaintiff incorporates the preceding paragraphs as if more fully set forth herein.

31. The aforesaid acts of Defendant, Jane Doe Police Officer 1, of forcing open Plaintiff's bathroom door, grabbing her, violently pulling her off the toilet, dragging her out of her bathroom, slamming her against the wall and dragging her down her stairs caused Plaintiff to be placed in immediate apprehension of being grabbed, struck, beaten, arrested, and thrown down the stairs.

32. Plaintiff's aforesaid apprehensions were reasonable.

33. In view of Defendant's intentional and outrageous actions towards Plaintiff, Plaintiff is entitled to recover punitive damages.

**WHEREFORE**, Plaintiff, demands judgment in her favor and against Defendant, Jane Doe Police Officer 1, in the amount of $50,000.00 in compensatory damages and punitive damages, with lawful interest thereon, and costs of suit and brings this action to recover same.

## IX. BATTERY
### PLAINTIFF V. DEFENDANT DETECTIVE THEODO MANKO

34. Plaintiff incorporates the preceding paragraphs as if more fully set forth herein.

35. Defendant Detective Theodo Manko, came into physical contact with Plaintiff when he forced open her bathroom door, grabbed her, violently pulled her off the toilet, dragged her out of her bathroom, slammed her against the wall causing painful bruises on her arms, and then dragged her down her stairs.

36. The aforementioned physical contact made with Plaintiff was unwanted, harmful, and offensive.

37. The aforesaid unwanted, harmful, and offensive contact was the direct and proximate result of the intentions of Defendant Detective Theodo Manko.

38. The intentions of defendant, Defendant Detective Theodo Manko were to cause Plaintiff to suffer said offensive contact.

39. In view of defendant's intentional and outrageous actions toward Plaintiff, Plaintiff is entitled to recover punitive damages.

**WHEREFORE**, Plaintiff, demands judgment in her favor and against Defendant, Detective Theodo Manko, in the amount of $50,000.00 in compensatory damages and punitive damages, with lawful interest thereon, and costs of suit and brings this action to recover same.

## X. BATTERY
### PLAINTIFF V. DEFENDANT POLICE OFFICER JANE DOE 1

40. Plaintiff incorporates the preceding paragraphs as if more fully set forth herein.

41. Defendant Police Officer Jane Doe 1, came into physical contact with Plaintiff when she forced open Plaintiff's bathroom door, grabbed her, violently pulled her off the toilet, dragged her out of her bathroom, slammed her against the wall causing painful bruises on her arms, and then dragged her down her stairs. .

42. The aforementioned physical contact made with Plaintiff was unwanted, harmful, and offensive.

43. The aforesaid unwanted, harmful, and offensive contact was the direct and proximate result of the intentions of Defendant Police Officer Jane Doe 1.

44. The intentions of defendant, Defendant Police Officer Jane Doe 1 were to cause Plaintiff to suffer said offensive contact.

45. In view of defendant's intentional and outrageous actions toward Plaintiff, Plaintiff is entitled to recover punitive damages.

**WHEREFORE**, Plaintiff, demands judgment in her favor and against Defendant, Police Officer Jane Doe 1, in the amount of $50,000.00 in compensatory damages and punitive damages, with lawful interest thereon, and costs of suit and brings this action to recover same.

### XI. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### PLAINTIFF V. DEFENDANT DETECTIVE THEODO MANKO

46. Plaintiff incorporates the preceding paragraphs as if more fully set forth herein.

47. Defendant Detective Theodo Manko's conduct, in effecting the aforementioned assault, battery, excessive force, and unreasonable and unlawful search, was extreme and outrageous.

48. Defendant Detective Theodo Manko, in effecting the aforementioned extreme and outrageous conduct, acted intentionally and recklessly.
49. Defendant Detective Theodo Manko, in effecting the aforementioned extreme and outrageous conduct, caused severe emotional distress in Plaintiff.
50. In view of Defendant's intentional and outrageous actions towards Plaintiff, Plaintiff is entitled to recover punitive damages.

**WHEREFORE**, Plaintiff, demands judgment in her favor and against Defendant, Detective Theodo Manko, in the amount of $100,000.00 in compensatory damages and punitive damages, with lawful interest thereon, and costs of suit and brings this action to recover same.

### XII. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### PLAINTIFF V. DEFENDANT POLICE OFFICER JANE DOE 1

51. Plaintiff incorporates the preceding paragraphs as if more fully set forth herein.
52. Defendant Police Officer Jane Doe 1's conduct, in effecting the aforementioned assault, battery, excessive force, and unreasonable and unlawful search, was extreme and outrageous.
53. Defendant Police Officer Jane Doe 1, in effecting the aforementioned extreme and outrageous conduct, acted intentionally and recklessly.
54. Defendant Police Officer Jane Doe 1, in effecting the aforementioned extreme and outrageous conduct, caused severe emotional distress in Plaintiff.
55. In view of Defendant's intentional and outrageous actions towards Plaintiff, Plaintiff is entitled to recover punitive damages.

**WHEREFORE**, Plaintiff, demands judgment in her favor and against Defendant, Police Officer Jane Doe 1, in the amount of $100,000.00 in compensatory damages and punitive damages, with lawful interest thereon, and costs of suit and brings this action to recover same.

### XIII. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### PLAINTIFF V. DEFENDANT POLICE OFFICER JOHN DOE 1

56. Plaintiff incorporates the preceding paragraphs as if more fully set forth herein.

57. Defendant John Doe Police Officer 1's conduct, in effecting the aforementioned unreasonable and unlawful search, was extreme and outrageous.

58. Defendant John Doe Police Officer 1, in effecting the aforementioned extreme and outrageous conduct, acted intentionally and recklessly.

59. Defendant John Doe Police Officer 1, in effecting the aforementioned extreme and outrageous conduct, caused severe emotional distress in Plaintiff.

60. In view of Defendant's intentional and outrageous actions towards Plaintiff, Plaintiff is entitled to recover punitive damages.

**WHEREFORE**, Plaintiff, demands judgment in her favor and against Defendant, Police Officer John Doe 1, in the amount of $1,000,000.00 in compensatory damages and punitive damages, with lawful interest thereon, and costs of suit and brings this action to recover same.

**WHEREFORE, the plaintiff requests the following relief:**

a. Compensatory damages as to all defendants;

b. Punitive damages as to the individual defendants;

c. Reasonable attorney's fees and costs as to all defendants;

d. Such other declaratory and further relief as appears reasonable and just; and

e. A jury trial as to each defendant and as to each count.

_____
Derek A. Steenson
Attorney ID No. 310011
1500 Walnut Street
#812
Philadelphia, Pa. 19102
(215) 253-8658
steensonlaw@gmail.com